# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

BERKEN GOZEN,

     Petitioner,

v.

KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; Security; TODD LYONS, Acting Director of ICE; GREGORY J. ARCHAMBEAULT, ICE Enforcement Removal Operations; and CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, in their official capacities,

     Respondents.

No. 3:26-cv-00458-BTM-MSB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Berken Gozen's petition for a writ of habeas corpus. Petitioner was served on November 14, 2023, with a Notice to Appear. Petitioner was charged as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Petitioner was released under 8 U.S.C. § 1226. Petitioner was issued a work permit that expires on March 9, 2030. Petitioner applied for asylum and withholding of removal. Petitioner has been living in the United States without incident. Petitioner was re-detained by Immigration and Customs Enforcement agents.

This Court has jurisdiction to review Petitioner's challenge to his custody. *Nielsen v. Preap*, 586 U.S. 392, 401-02 (2019) (maintaining jurisdiction on appeal following district court decisions to review legal challenge to decision to deny bond hearings). This Court has jurisdiction because Petitioner is not challenging his removal, the execution of a removal order, or a discretionary decision by the Attorney General. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.").

Due process for the revocation of release requires (1) a decision by an appropriate official on whether the purpose of release has been served; (2) written notice of the reasons for the revocation; and (3) a fair opportunity to rebut the reasons given for the revocation. *See Noori v. LaRose*, No. 25-cv-1824, 2025 U.S. Dist. LEXIS 194953, *29 (S.D. Cal. Oct. 1, 2025) ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)); *see also* 8 C.F.R. § 212.5(e) (setting forth requirements for parole revocation).

The Government does not contend that any changed circumstances warranted Petitioner's re-detention. The Government does not claim that Petitioner is a flight risk

2

or a danger to the community.  The Respondents have not contested the facts alleged in the Petition.  The Respondents have not alleged that they have provided Petitioner with the due process required for the revocation of their previous release of Petitioner.  Rather, they agree that he is entitled to a bond hearing.  But they have alleged no changed circumstances, risk of flight or dangerousness on the part of the Petitioner.  Therefore, a bond hearing would be futile and would just result in the prolonged unlawful detention of the Petitioner.  Thus, Petitioner's re-detention was unlawful.  Petitioner is entitled to immediate release under the previous conditions imposed.

For the reasons stated, the petition for a writ of habeas corpus is granted. Respondents shall immediately release Petitioner from custody under the previous conditions imposed.  Respondents shall provide a status report confirming Petitioner's release no later than February 12, 2026.

**IT IS SO ORDERED.**

Dated:  February 11, 2026

Honorable Barry Ted Moskowitz
United States District Judge

3